IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE LAMANQUIL SMITH, : | |
| #12876-003, : | |
|     Petitioner, : | |
| : | CRIMINAL NO. 12-00256-CG-B |
| vs. : | CIVIL ACTION NO. 14-00167-CG-B |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
|     Respondent. : | |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Eddie Lamanquil Smith's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 52), the Government's Response in Opposition (Doc. 57), and the Petitioner's Reply[1]. (Doc. 64). This action has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[2] The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v.

---

[1] Also pending before the Court are Petitioner's Motions for Evidentiary Hearing. (Docs. 69, 71, 72). Because a careful review of the record reveals that no evidentiary hearing is required to resolve this action, the motions are due to be **denied.**

[2] The Honorable United States District Judge Callie V.S. Granade presided over the plea hearing and sentencing in this action. The undersigned has reviewed Smith's petition and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

1

Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon consideration, the undersigned hereby recommends that Smith's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Eddie Lamanquil Smith.  The undersigned also recommends that should Smith file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

## I.   PROCEDURAL BACKGROUND

On October 25, 2012, Smith was charged in a three count indictment with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count one), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count two), and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (count three). (Doc. 1).  Attorney Latisha Colvin of the Federal Defender's Office was appointed to represent Smith on December 27, 2012. (Doc. 8).

Through his attorney, Smith notified the Court of his intent to plead guilty to count two of the Indictment on February 3, 2013. (Doc. 20).  On February 6, 2013, the parties filed a plea agreement, which was executed by Smith, his

counsel, and counsel for the Government.[3] (Doc. 22). In the plea agreement, Smith agreed to plead guilty to count two in the indictment and that he was waiving his right to directly appeal or collaterally attack his conviction and sentence except in limited circumstances. (Id. at 10). Specifically, Smith agreed to waive his right to appeal or collaterally attack his sentence except if the sentence imposed punishment in excess of the statutory maximum, if the sentence constituted an upward departure of the guideline range, or if the he were to assert a claim of ineffective assistance counsel. (Id. at 10-11).

The Court conducted a guilty plea hearing on February 13, 2013. During the hearing, Smith was placed under oath and Judge Granade questioned him about the details of the plea agreement

---

[3] The Plea Agreement also included a factual resume, which outlined the elements of the offense, and the facts supporting Smith's plea to the offense. (Doc. 22 at 14-16). Per the factual resume, officers received information from a reliable confidential informant that Smith was selling crack cocaine from his vehicle at a particular location on a public street in Mobile, and that he kept a black handgun with him when selling drugs. (Id.) On December 7, 2011, officers went to the alleged location and conducted surveillance. Officers observed Smith make a hand to hand transaction from his vehicle at the location alleged by the confidential informant, and further observed him drinking beer and vodka in a pre-marked bottle. Officers requested Smith to exit the vehicle so they could pat him down for their safety, and during the pat-down, they located a black handgun in Smith's waistband. Following his arrest, a search of Smith's person revealed a bag of crack cocaine weighing approximately 15 grams. In the factual resume, Smith acknowledged that he possessed crack cocaine with intent to distribute it, and that he possessed the weapon in furtherance of a drug trafficking crime. (Id.)

3

and the voluntariness of his plea. (Doc. 49). Smith was questioned as follows:

> THE COURT: Have each of you received a copy of the indictment, the written charges in your case?
>
> DEFENDANT EDDIE SMITH: Yes, ma'am.
>
> . . .
>
> THE COURT: And have you fully discussed those charges and the case in general with your lawyer?
>
> DEFENDANT EDDIE SMITH: Yes, ma'am.
>
> . . .
>
> THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in your case by your attorney?
>
> DEFENDANTE EDDIE SMITH: Yes, ma'am.
>
> . . .
>
> THE COURT: Are you pleading guilty of your own free will because you are guilty?
>
> DEFENDANT EDDIE SMITH: Yes, ma'am.
>
> . . .
>
> THE COURT: All right. Now, do each of you understand that you have a right to plead not guilty to any offense charged against you and to persist in that plea, and that you would then have the right to a trial by jury, at that trial you would be presumed to be innocent and the government would have to prove your guilt beyond a reasonable doubt, you would have the right to the assistance of counsel for your defense, the right to see and hear all of the witnesses and have them cross-examined in your defense, the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense, and the right to the issuance of

subpoenas to compel the attendance of witnesses to testify in your defense?

DEFENDANT EDDIE SMITH: Yes, ma'am.

. . .

THE COURT: Defendant Eddie Smith, you are pleading guilty to a charge of violating Title 18, United States Code, Section 924(c). In order to convict you of that offense, the United States would have to prove that you committed the drug-trafficking offense alleged in the indictment and that during the course of the offense you used, carried, or possessed a firearm in furtherance of that offense. Do you understand what the government would have to prove in order to convict you of that offense?

DEFENDANT EDDIE SMITH: Yes, ma'am.

. . .

THE COURT: And, Mr. Eddie Smith, the offense to which you're pleading guilty carries a penalty of at least a minimum mandatory five years in prison, a fine not to exceed $250,000, a term of supervised release of up to three years which would follow any term of imprisonment, and if you violated the conditions of supervised release you could be imprisoned for that entire term as well, and a mandatory special assessment of $100.

Do you understand those possible consequences of your guilty plea?

DEFENDANT EDDIE SMITH: Yes, ma'am.

. . .

THE COURT: All right. Now, I asked Mr. Smiths, both Mr. Smiths, earlier if you had signed the factual resume attached to your plea agreement and you said that you had. And I want to make sure that you understand that by signing the factual resume you are admitting that the government could prove the facts set forth in that document in support of your guilty plea. Do you understand and agree to that?

5

> DEFENDANT EDDIE SMITH: Yes, ma'am.
>
> . . .
>
> THE COURT: It is the finding of the Court in the case of the United States versus Eddie Lamanquil Smith . . . that [the] defendant is fully competent and capable of entering an informed plea, that [the] defendant is aware of the nature of the charges and the consequences of the plea, and that the plea[] of guilty [is a] knowing and voluntary plea[] supported by an independent basis in fact containing each of the essential elements of the offense.
>
> The plea is therefore accepted and the defendant is now adjudged guilty of that particular offense.

(Doc. 49). The Court accepted Smith's guilty plea and scheduled his sentencing, which was held on August 30, 2013. (Doc. 49 at 19-20, Doc. 26, Minute Entry 8/19/13). At the sentencing hearing, Smith was sentenced to a term of imprisonment of 60 months. (Minute Entry 8/30/13). The Court also imposed 5 years of supervised release, substance abuse testing and treatment, and a special assessment of $100. (Id.). In the judgment entered on August 30, 2013, Smith's supervised release was adjusted to a term of three years. (Doc. 34).

Smith, through his attorney, filed a Notice of Appeal on September 25, 2013. (Doc. 40). Smith's appellate counsel, Kristen G. Rogers, filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there was no meritous grounds for appeal, and seeking permission to withdraw from further representation.

6

(Doc. 51 at 2). In a per curiam decision issued on April 4, 2014, the Eleventh Circuit held that "[o]ur independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct". Thus, the Court allowed Rogers to withdraw from further representation of Smith and affirmed Smith's conviction and sentence. (Id.)

On March 19, 2014, Smith filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[4] (Doc. 52). In his petition, Smith asserts that he received ineffective assistance of counsel on the grounds that his attorney: 1) failed to file a motion to suppress during the pretrial stage and 2) failed to fully investigate his case and advise him of viable defenses before advising him to plead guilty. (Id.). The Government filed a Response in Opposition, and argues that Smith's motion should be denied because he is unable to show that the alleged errors amounted to deficient performance under Strickland v. Washington, 466 U.S. 668 (1984) or that he was prejudiced by his attorney's performance. (Doc. 57). In his Reply, Smith contends that "[c]ounsel had an obligation to ensure that Petitioner was aware of the potential violation of his Fourth Amendment Right" and "[h]ad counsel

---

[4] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

7

adequately advised Petitioner of the potential violation of his Fourth Amendment Right, Petitioner would have insisted that counsel file a motion to suppress." (Doc. 64 at 6).

## II. DISCUSSION

**A. Habeas Standard**

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. August 4, 2008) (quotation marks in original)(unpublished)[5].

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th CIR. R. 36-2 (2005).

**B. Ineffective Assistance of Counsel Standard**

In Strickland v. Washington, the Supreme Court adopted a two-prong standard for evaluating claims of ineffective assistance of counsel. Strickland, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To satisfy the requirements of this two-prong standard, "[a] petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing Strickland, 466 U.S. at 687). Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the Strickland test "are free to dispose of ineffectiveness claims on either of [Strickland's] two grounds." Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998).

In order to satisfy the "performance" prong of the Strickland test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. That is, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of

9

reasonably professional assistance." Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted). Thus, the petitioner has a difficult burden as to be considered unreasonable, "the performance must be such that 'no competent counsel would have taken the action that [the petitioner's] counsel did take.'" Ball v. United States, 271 Fed. App'x. 880 (11th Cir. 2008)(citations omitted).

The petitioner must also satisfy the "prejudice" prong of the Strickland test. To that end, Petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The petitioner "must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.'" Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted). Further, it is not enough to satisfy the prejudice prong to merely show that the alleged errors affected the case in some imaginable way. See id. at 1293-1294. ("[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice") (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted). Thus, "under the exacting rules and

10

presumptions set forth in Strickland, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Windom v. Sec'y, Dep't of Corr., 578 F.3d 1227, 1248 (citations omitted).

The two-prong Strickland standard also applies to challenges to the validity of guilty pleas in ineffective assistance of counsel claims. See Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). When a petitioner's conviction is based on a guilty plea, in order to show prejudice, []he must show that there is a reasonable probability that, but for Counsel's mistakes, []he would not have pleaded guilty and would have insisted on going to trial. Id. at 59; Esslinger v. Davis, 44 F.3d 1515, 1529 (11th Cir. 1995). In so doing, a defendant must demonstrate that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 599 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010); Gutierrez v. United States, 560 Fed. Appx. 924, 2014 U.S. App. LEXIS 5519, 2014 WL 1227482 (11th Cir. 2014)(unpublished). Based upon a careful review of Smith's petition, and the record evidence, the undersigned finds that Smith has failed to demonstrate that his counsel provided ineffective representation.

    i.    **Failure to File Motion to Suppress**

11

Smith's first claim is that his attorney's decision not to file a motion to suppress constituted deficient performance under the Strickland standard. Smith contends that his Fourth Amendments rights were violated when the police searched his person and his vehicle. (Doc. 52 at 32). He argues that his attorney's decision not to file a motion to suppress the fruit of that search and seizure was unprofessional and did not reflect a strategic choice or reasonable decision. (Id. at 16, 32). He further contends that had his attorney filed a motion to suppress, there is a reasonable probability that it would have been granted and that his attorney would have changed her recommendation for him to plead guilty. (Id. at 34). Smith bases his Fourth Amendment argument on the fact that officers received information from a confidential informant. He contends that this information was neither reliable, nor corroborated; therefore, the search was illegal. (Id. at 19-20).

In order to prevail on an ineffective assistance claim for failure to file a motion to suppress, the petitioner must show that there is a reasonable probability that the outcome of his case would have been different if the motion to suppress had been filed. See Jones v. United States, 224 F.3d 1251, 1258 (11th Cir. 2000) ("[The defendant] must show a reasonable probability that the outcome of his case would have been different if his counsel had argued for suppression."). Here,

12

Smith has not shown that had his attorney filed the motion to suppress, there was a reasonable probability that the motion would have been granted. As the police report indicates, the officers received information from a reliable confidential informant that Smith was selling drugs at a particular location while carrying a black pistol. (Doc. 52 at 43-44). The officers went to the location and observed Smith conduct what appeared to be a hand to hand drug transaction at the very location identified by the confidential informant. (Id.) The confidential tip and the corroborating surveillance gave the officers reasonable suspicion to make an investigatory stop and conduct a Terry frisk. See Terry v. Ohio, 392 U.S. 1, 30 (1968) (noting that where nothing in the beginning of an encounter with the officer serves to "dispel [the officer's] reasonable fear for his own or others' safety, he is entitled . . . to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons"); Accord United States v. Medlock, 146 Fed. App'x. 470, 472 (11th Cir. 2005)(citations omitted). ("'[A] tip from a known, albeit unproven, informant coupled with subsequent corroboration of the tip's details' can provide reasonable suspicion."); See also Medlock, 146 Fed. App'x. at 472 (holding that because the officer had a reasonable suspicion to conduct a stop-and-frisk search, the district court correctly denied the motion to suppress evidence).

During the Terry frisk of Smith in this case, the officers discovered a black gun on Smith's waistband and he was arrested for having a pistol without a pistol permit. (Doc. 52 at 43). While conducting a safety search of Smith incident to his arrest, officers discovered approximately 19 grams of crack cocaine in a plastic bag in Smith's pants pocket. (Id.). Given these facts, there was simply no basis for a motion to suppress; thus, defense counsel's decision not to file such a motion was reasonable under professional standards. See Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (stating that, for a petitioner to successfully argue an ineffective assistance claim, he must "establish that no competent counsel would have taken the action that counsel did take"). Because Smith cannot show that his attorney's performance was deficient, that there was a reasonable probability that the motion to suppress would have been granted, or that he was prejudiced by the alleged deficient performance, this claim is due to be denied.

### ii. Failure to Advise of Viable Defense

Smith's second claim is that his attorney failed to advise him of a viable defense before advising him to plead guilty. In this section of his motion, Smith repeats many of the vague and conclusory allegations of ineffective assistance of counsel that he made against his attorney in his first claim. Smith fails to

14

explain what "viable defense" he is referring to and how he was prejudiced by this alleged deficient performance. Instead, he asserts that his attorney "failed to make an adequate investigation of the relevant facts and Fourth Amendment jurisprudence," and failed to "conduct an adequate analysis of the relevant laws." (Doc. 52 at 36). There is nothing in the record that suggests that Smith's trial counsel failed to conduct a proper investigation of the facts and make an adequate analysis. As the Government notes in its Response, the agreed upon facts contained in the parties' factual resume is substantially similar to those contained in the police report attached to Smith's motion to vacate. (Doc. 57 at 4). Further, during the guilty plea colloquy, Smith also acknowledged that the Government could prove the facts contained in the factual resume. (Doc. 49). He also acknowledged that his attorney fully discussed the charges and his case with him. (Doc. 49 at 6).

Smith's argument that his attorney was not familiar with the case is a vague and conclusory assertion and accordingly, must fail. See Randolph v. McNeil, 590 F.3d 1273, 1276 n.1 (11th Cir. 2009) (holding that "conclusory assertions" will not support a claim of ineffective assistance of counsel); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (same); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (addressing the issue in the context of 28 U.S.C. § 2254); Story v. United

15

States, 2012 U.S. Dist. LEXIS 26031, 2012 WL 671677, at *4 (S.D. Ala. Jan. 31, 2012) (rejecting § 2255 claim of ineffective assistance where movant had not indicated what a more thorough investigation by his attorney would have revealed or how any supposed discovery would have been fruitful in his case).  Thus, Smith has not met the Strickland standard and this claim must also fail.

### III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Smith's claims do not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Smith's claims alleging ineffective assistance of counsel should be resolved in a different manner or deserves to proceed

17

further.  The recommendation that Smith's claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

## IV.   CONCLUSION

For the foregoing reasons, it is recommended that Smith's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 52) be denied, that his motions for an evidentiary hearing (Docs. 69. 71. 72) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Eddie Lamanquil Smith.  In addition, the undersigned Magistrate Judge is of the opinion that Smith is not entitled to issuance of a Certificate of Appealability, and is further not entitled to proceed in forma pauperis on appeal.  It is so recommended.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    **DONE** this **15th** day of **April, 2016.**

                                           **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**